**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LEVI N. F.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 25-1280-JWL** |
| **FRANK BISIGNANO,** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of a decision of the Commissioner of Social Security denying Social Security Disability Insurance (SSDI) benefits and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the Administrative Law Judge's (ALJ's) assessment of Plaintiff's residual functional capacity (RFC), or in his consideration of Dr. Gray's opinion and the inconsistencies and ambiguities alleged by Plaintiff, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

---

[1] The court makes all its "Memorandum and Order[s]" available online. Therefore, in the interest of protecting the privacy interests of disability claimants, it has determined to caption Social Security decisions using only the initial of the Plaintiff's last name.

## I. Background

Plaintiff protectively filed an application for SSDI and SSI benefits on October 14, 2022. (R. 17, 211-19). After exhausting administrative remedies before the Social Security Administration (SSA), Plaintiff filed this case seeking judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (Doc. 1). Plaintiff claims the ALJ failed to resolve inconsistencies and/or ambiguities between the RFC assessed and the medical opinion of Dr. Gray, Psy. D.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether she applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). "Substantial evidence" refers to the weight, not the amount, of the evidence. It requires more than a scintilla, but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). Consequently, to overturn an agency's finding of fact the court "must find that the evidence not only supports [a contrary] conclusion, but compels it." I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481, n.1 (1992) (emphases in original).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988) (brackets in Bowling)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner

assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the process—determining at step four whether, considering the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, he is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC previously assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999). The court addresses the error alleged in Plaintiff's Social Security Brief.

## II. Discussion

Plaintiff points out that Social Security Ruling (SSR) 96-8p requires an ALJ to "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," and explains, "If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." 1996 WL 374184, *7 (SSA. July 2, 1996). He acknowledges the ALJ credited the moderate limitations and rejected the marked limitations Dr. Gray opined. (Pl. Br. 8). He argues the ALJ failed to address Dr. Gray's opinion that Plaintiff

"struggles to sustain attention, focus, and concentration which affects his ability to maintain the pace of the jobs at times." (Pl. Br. 8) (citing R. 27, and quoting R. 513).

Plaintiff argues the ALJ assessed him with the abilities "to understand, remember and carry out simple, routine, and repetitive steps, tasks, or instructions" and to "adapt to work in an environment that involves only simple, work-related decisions" despite that she credited Dr. Gray's opinion of moderate limitations in understanding and remembering simple instructions; carrying out simple instructions; and making judgments on simple work-related decisions. Id. 9. He claims this is error because the ALJ credited Dr. Gray's moderate limitations but failed to include those limitations in the RFC assessed.

Plaintiff argues that the abilities to understand, carry out, and remember simple instructions; to use judgment to make simple work-related decisions; and to maintain concentration and attention for extended periods are among "the basic work demands that the POMS [(Program Operations Manual System)] identifies as being necessary for 'any job.'" Id. 10 (Citing POMS DI 25020.010). He argues, "Substantial loss in the ability to meet any basic mental demand would 'severely limit[] the potential occupational base and thus, would justify a finding of inability to perform other work….'" Id. (quoting POMS DI 25020.010(A)(3)(b). He then explains his view that, "An individual with limitations in these crucial areas—even 'moderate' limitations—would likely be unable to carry out the daily requirements of unskilled work." Id. 11. Plaintiff also quotes Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir.) that "a moderate impairment is not the same as

no impairment at all." Id. 12 (citing Jodie F. v. Kijakazi, Civ. A. No. 22-1260-JWL, 2023 WL 6143313, at *5 (D. Kan. Sept. 20, 2023) (slip op. at 10).

The court finds no error in the ALJ's RFC. Plaintiff has shown no functional limitation encompassed within Dr. Gray's moderate limitations or in the record evidence which compels finding the RFC assessed is erroneous. Plaintiff's appeal to POMS DI 25020.010 implies that the moderate limitations opined by Dr. Gray would constitute a "substantial loss" of ability to meet the basic mental demands of competitive, remunerative unskilled work. However, the POMS contains a note explaining:

> "Substantial loss" cannot be precisely defined. It does not necessarily relate to any particular adjective, number, or percentage. In practical terms, an individual has a substantial loss of ability to perform a basic mental activity when they cannot perform the particular activity in regular, competitive employment but, at best, could do so only in a sheltered work setting where special considerations and attention are provided.

POMS DI 25020.010(A)(3) (NOTE). Dr. Gray did not opine that Plaintiff is limited to a sheltered work setting with special considerations and attention.

As the Commissioner notes in his brief, the agency has provided a five-point rating scale for mental disorders—no limitation, mild limitation, moderate limitation, marked limitation, and extreme limitation. 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.00(F)(2). The definition for a moderate limitation is, "Your functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." Id. § 12.00(F)(2)(c). Plaintiff correctly argues in his Reply Brief that an RFC assessment involves a more detailed assessment than consideration of mental limitations at step three of the sequential process, but that does not change the meaning of moderate mental

limitations when considering such limitations. Moreover, the form on which Dr. Gray provided his opinion regarding mental limitations defined moderate limitations consistently (as is appropriate) with the agency's definition—"Functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." (R. 512). It is important to note in this regard that a marked limitation indicates functioning is seriously limited, and an extreme limitation indicates an inability to function in the area. 20 C.F.R. Pt. 404, Subpt. P, App.1 § 12.00(F)(2). Plaintiff points to no record evidence which compels finding the RFC assessed by the ALJ requires more than fair ability to function in each of the abilities assessed as moderately limited by Dr. Gray. Plaintiff has shown no inconsistency or ambiguity between Dr. Gray's opinions credited by the ALJ and the RFC assessed.

As for Dr. Gray's statement that Plaintiff "struggles to sustain attention, focus, and concentration which affects his ability to maintain the pace of the jobs at times" (R. 513), the court doubts that statement is truly a medical opinion within the meaning of the regulations. As relevant here, the Social Security regulations define medical opinion:

> (2) Medical opinion. A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities: …
>
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;

20 C.F.R. § 404.1513(a)(2). "Struggles to sustain" (R. 513) is not "a statement from a medical source about what you can still do" and is hardly a "limitation[] or restriction[]"

on Plaintiff's ability to maintain "concentration, persistence, or pace." 20 C.F.R. § 404.1513(a)(2). An attempt by the ALJ to express a specific functional RFC limitation from that statement would be nothing more than speculation. Moreover, Plaintiff has not (and cannot) point to record evidence that demonstrates such struggles are not within the RFC assessed by the ALJ—the ability to "concentrate, persist, and remain on task and pace to perform simple, routine, and repetitive tasks, which may involve multiple non-complex simple, routine and repetitive steps, tasks or instructions. He can concentrate, persist, and remain on task and pace to adapt to work in an environment that involves only simple, work-related decisions with no more than occasional workplace changes." (R. 23) (finding no. 5, bold omitted).

Further, contrary to Plaintiff's assertion the ALJ failed to address Dr. Gray's opinion that Plaintiff "struggles to sustain attention, focus, and concentration which affects his ability to maintain the pace of the jobs at times" (Pl. Br. 8) (citing R. 27, and quoting R. 513), the ALJ, in fact, did address Dr. Gray's statement. When summarizing Dr. Gray's report, the ALJ specifically stated, "Dr. Gray noted the claimant also struggles to sustain attention, focus and concentration." (R. 27). In the very next paragraph, she explained Plaintiff's work history which clearly relates to his ability to sustain attention, focus, concentration, and pace:

> The claimant has maintained employment throughout the relevant period. There is no objective evidence of work problems at his current job where he has worked since August of 2023. When he was most recently seen by his therapist in in [sic] January of 2024, he described being successful in this job with minimal impairment from reported symptoms. (6F/2). Also, during the relevant period, he told his therapist that he watches his nephews, helps around the house, and they play cards.

(R. 27). Plaintiff has shown no error in the ALJ's consideration of Dr. Gray's opinion or in her RFC assessment.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated October 2, 2026, at Kansas City, Kansas.

s/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**